UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAPHAEL HENSON,

                 Plaintiff,

    v.

KING COUNTY JAIL, *et al.*,

                 Defendants.

Case No. C17-1885-RSM-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Raphael Henson is a county prisoner who is currently confined at the King County Jail in Seattle, Washington. He is proceeding with this civil rights action *pro se* and *in forma pauperis*. Service has not yet been ordered. This matter is before the Court at the present time for screening of plaintiff's amended complaint. Plaintiff indicates in his amended complaint that he wishes to proceed against four defendants. However, this Court concludes that plaintiff has failed to state a claim upon which relief may be granted as to two of those defendants. This Court therefore recommends that plaintiff's amended complaint and this action be dismissed as to the two defendants against whom plaintiff has clearly not alleged any viable

REPORT AND RECOMMENDATION - 1

cause of action, and that plaintiff be permitted to proceed with respect to the remaining two defendants.

## DISCUSSION

Plaintiff Raphael Henson submitted his original complaint to the Court for filing on December 14, 2017.  (*See* Dkt. 1-1.)  Though his complaint was not a model of clarity, plaintiff appeared to allege that after being granted leave to proceed *pro se* in two King County Superior Court criminal matters, he was denied access to a laptop computer at the King County Jail to conduct legal work, despite orders issued by one or more King County Superior Court judges directing that he be provided such access.  (*See* Dkt. 1-1 at 3.)  Plaintiff identified the following defendants in his complaint:  King County; the King County Jail; an unspecified King County deputy prosecuting attorney; Inmate Management & Services; John Doe Correctional Officers; and, the Grievance System.  (*See id*. at 1-2.)   Plaintiff requested damages and a new trial.  (*Id*. at 5.)

Because of deficiencies in plaintiff's original complaint, the Court declined to serve that pleading but granted plaintiff leave to file an amended pleading.  (Dkt. 6.)  The Court received plaintiff's amended complaint for filing on February 5, 2018. (Dkt. 7.)  Plaintiff's amended complaint is also somewhat confusing.  However, he appears to allege therein that his federal constitutional right to access the courts was violated when he was denied access to legal materials at the King County Jail, including the legal research workstation, after being authorized to proceed *pro se* in his pending criminal proceedings.  (*See* Dkt. 7 at 3-4.)   Plaintiff also appears to allege that defendant Jensen denied him access to a laptop computer to view discovery in his ongoing criminal proceedings, despite orders issued by the King County Superior Court directing that plaintiff be allowed such access.  (*See id*.)

REPORT AND RECOMMENDATION - 2

Plaintiff identifies the following defendants in his amended complaint: Sergeant Jensen; Pascal Herzer, Deputy Prosecuting Attorney for the King County Department of Adult and Juvenile Detention (KCDAJD); LaToya Durham, an Administrative Services Specialist with KCDAJD Inmate Management Services; and, Dee Sylve, an employee of the King County Prosecutor's Office.[1] (*See* Dkt. 7 at 1-3.) Plaintiff seeks damages. (*Id*. at 5.)

As plaintiff was advised in this Court's Order declining to serve his original complaint, in order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's claim that Sergeant Jensen violated his constitutional right to access the courts by repeatedly denying plaintiff access to a laptop computer, despite orders from the King County Superior Court that he be allowed access to the laptop for purposes of viewing discovery, arguably states a viable claim for relief and plaintiff should therefore be permitted to proceed against Sergeant Jensen. With respect to LaToya Durham, the Court notes that plaintiff does not allege any specific facts pertaining to Ms. Durham in his amended complaint, but his exhibits suggest that this defendant has some role at the KCDAJD in ensuring that inmates authorized to

---

[1] Plaintiff also identified the King County Jail as a defendant in the caption of his amended complaint. However, plaintiff did not identify the jail as a defendant in Part III of his amended complaint, and the Court presumes this is because plaintiff understood, based on this Court prior Order, that the King County Jail is not a proper defendant in this action. (*See* Dkt. 6 at 3 (citing *Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued")).)

REPORT AND RECOMMENDATION - 3

proceed *pro se* in state court criminal proceedings are properly designated to receive necessary and appropriate access to legal materials, including the legal research workstation. As plaintiff appears to allege that he was denied such access, and as denial of access to legal materials, particularly in the context described here, causes this Court great concern, plaintiff should also be permitted to proceed against Ms. Durham at this time.

With respect to proposed defendants Pascal Herzer and Dee Sylve, plaintiff's materials indicate that these individuals are both employees of the King County Prosecutor's Office, and plaintiff has presented no facts demonstrating that either of these individuals personally participated in the alleged denial of his right to access the courts at the King County Jail. Accordingly, plaintiff has not stated any claim upon which relief may be granted as to these two individuals.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's amended complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), as to defendants Pascal Herzer and Dee Sylve, for failure of plaintiff to state any claim upon which relief may be granted. The Court further recommends that plaintiff be permitted to proceed with his claims against Sergeant Jensen and LaToya Durham. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **March 27, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no

REPORT AND RECOMMENDATION - 4

timely objections are filed, the matter will be ready for consideration by the District Judge on **March 30, 2018.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 6th day of March, 2018.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5