UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAPHAEL HENSON,

Plaintiff,

v.

KING COUNTY JAIL, *et al*.,

Defendants.

Case No. C17-1885-RSM-JPD

ORDER RE: PLAINTIFF'S PENDING MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time for consideration of ten motions recently filed by plaintiff. The pending motions include the following: (1) motion to dismiss the waiver of service of summons of defendant Derek Jensen (Dkt. 35 at 1-3); (2) motion to dismiss the notice of appearance for defendant Derek Jensen (*id*. at 4-7); (3) motion to have a "judge trial" (*id*. at 8); (4) motion to access the law library at the Washington Corrections Center (*id*. at 9); (5) motion to strike documents containing the name Derek Jensen and to amend documents in the record to reflect the defendant's true name, Sergeant Jellen (*id*. at 10-19); (6) motion re: enforcement of the Fourteenth Amendment (*id*. at 20-23), (7) motions for court-appointed counsel (Dkts. 36, 42); (8)

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 1

motion for discovery (Dkt. 37); and, (9) motion regarding exhibits (Dkt. 41). The Court having reviewed these motions, and the balance of the record, hereby Orders as follows:

(1) Plaintiff's motions pertaining to defendant Derek Jensen (Dkt. 35 at 1-3, 4-7, and 10-19) are DENIED. Plaintiff complains in this series of motions that the attorney representing defendants in this action has improperly referenced a defendant named "Derek Jensen" in recent submissions when the defendant's actual name is Sergeant Jellen. Plaintiff seeks to strike documents referencing the improper defendant and to correct the record to reflect the proper name of the defendant.

Plaintiff, in his amended civil rights complaint, identified "Sgt. Jensen" as a defendant. (*See* Dkt. 7.) The Court ordered service on a Sergeant Jensen at the King County Jail, and defendants' counsel thereafter returned a waiver of service of summons and entered a notice of appearance on behalf of an individual named Derek Jensen. (*See* Dkts. 24, 33, 34.) Plaintiff now claims that the correct name of the defendant is "Sgt. Jellen" and he accuses counsel of having made up the name Derek Jensen. Whether or not Derek Jensen is the intended defendant in this action, plaintiff clearly identified Sergeant Jensen and not Sergeant Jellen as the defendant in his amended complaint. Counsel cannot be faulted for plaintiff's apparent misidentification of the defendant in his pleading. If plaintiff wishes to correct the record, he may file a motion to amend his complaint together with a proposed second amended complaint identifying the proper defendant. The record will continue to reflect the defendant originally identified by plaintiff until plaintiff takes appropriate steps to correct the record.

(2) Plaintiff's motion to have a "judge trial" (Dkt. 35 at 8) is DENIED. The Court presumes that plaintiff is intending to request a bench trial in this matter as opposed to a jury

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 2

trial. However, defendants have included a jury demand in their answer to plaintiff's amended complaint as is their right. *See* Fed. R. Civ. P. 38. Assuming this case proceeds to trial, this matter will be tried to a jury unless defendants later waive that right.

(3) Plaintiff's motion for access to the law library at the Washington Corrections Center (Dkt. 35 at 9) is DENIED. Plaintiff, by way of the instant motion, appears to seek an order granting him emergency law library access that will allow him to meet court imposed deadlines. The Washington Corrections Center is not a defendant to this action and this Court therefore has no jurisdiction to direct the actions of the facility or its employees. The Court notes as well that there are no deadlines currently pending in this matter. While the Court will be issuing a pretrial scheduling order in conjunction with this Order, none of the deadlines set forth therein should require emergency library access.

(4) Plaintiff's motion re: enforcement of the Fourteenth Amendment (Dkt. 35 at 20-23) is STRICKEN. The Court has carefully read plaintiff's motion but is unable discern what, if any, relief plaintiff is actually seeking by way of this motion. Plaintiff's motion is therefore deficient and will not be addressed further. *See* Fed. R. Civ. P. 7(b)(1).

(5) Plaintiff's motions for court-appointed counsel (Dkts. 36, 42) are DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 3

plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel.

(6) Plaintiff's motion for discovery (Dkt. 37) is STRICKEN. As plaintiff was previously advised (*see* Dkt. 25), discovery requests must be directed to defendants and not to the Court. Plaintiff is once again instructed to familiarize himself with the discovery rules as set forth in Rules 26-37 of the Federal Rules of Civil Procedure before proceeding with further discovery.

(7) Plaintiff's motion regarding exhibits (Dkt. 41) is STRICKEN as it does not identify what, if any, relief is being sought as is required under Fed. R. Civ. P. 7(b)(1).

(8) The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 13th day of July, 2018.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PLAINTIFF'S PENDING MOTIONS - 4