UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAPHAEL HENSON,

    Plaintiff,

v.

KING COUNTY JAIL, *et al.*,

    Defendants.

Case No. C17-1885-RSM-JPD

ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND AND FOR RULE 26(f) MEETING

This is a civil rights action brought under 42 U.S.C. § 1983. Currently pending before the Court are plaintiff's two motions for leave to file an amended complaint, and a motion for a Rule 26(f) meeting with defendants' counsel. The Court having reviewed these motions, and the balance of the record, hereby ORDERS as follows:

(1) Plaintiff's motion for leave to file an amended complaint to add a party (Dkt. 44) is DENIED. Plaintiff, in the first of his two recently filed motions to amend, indicates that he misidentified one of his intended defendants, naming Sergeant Jensen instead of Sergeant Jellen, and he seeks leave to amend his complaint to substitute Sergeant Jellen for Sergeant Jensen. Plaintiff failed to submit with his motion to amend a proposed amended complaint as is required

Local Civil Rule (LCR) 15. Plaintiff should have been aware of this requirement because he was previously advised that in order to substitute Sergeant Jellen for Sergeant Jensen he would have to file a motion to amend his complaint together with a proposed second amended complaint identifying the proper defendant. (Dkt. 45 at 2.) Plaintiff was also advised that the record would continue to reflect the defendant originally identified by plaintiff until he properly corrected the record. (*Id.*) In sum, plaintiff's motion to amend complies with neither the local rules of this Court nor with this Court's prior order.

Defendants, in their response to plaintiff's motion, note plaintiff's failure to submit a proposed amended complaint and attempt to assist plaintiff in correcting the record by submitting a proposed second amended complaint with their response. (*See* Dkt. 48, Ex. 1.) This proposed amended pleading is simply a typewritten copy of plaintiff's first amended complaint with the name Jensen changed to Jellen. Defendants ask the Court to accept the proposed second amended complaint, to direct service on Sergeant Jellen, and to dismiss Sergeant Jenson.

While the Court understands defendants' desire to move this case forward by undertaking a task which plaintiff should have done himself, the proposed pleading submitted by defendants cannot be accepted for filing because it does not bear plaintiff's signature. If plaintiff wishes to proceed against Sergeant Jellen in this action, he may do so by signing the proposed second amended complaint prepared by defendants' counsel and submitting it to the Court filing. Plaintiff may, in the alternative, submit his own proposed second amended complaint asserting viable claims against any intended defendants. This action will not move forward against Sergeant Jellen if plaintiff does not choose one of these two options.

ORDER DENYING PLAINTIFF'S
MOTIONS FOR LEAVE TO AMEND
AND FOR RULE 26(f) MEETING - 2

(2) Plaintiff's motion for leave to file an amended complaint to add legal claims (Dkt. 49) is DENIED. Though the precise nature of plaintiff's proposed new claims is somewhat unclear, he appears to allege that he is being falsely imprisoned, that his Fourth Amendment right to be free from unlawful searches and seizures was violated, that his due process right to represent himself was violated, and that he has been subject to cruel and unusual punishment based on the conduct of defendants. As with his first motion to amend, plaintiff also failed to submit a proposed amended complaint with his second motion to amend. While plaintiff's second motion to amend somewhat resembles an amended pleading, the claims set forth therein do not state any viable cause of action against any defendant or proposed defendant and, thus, it would serve no purpose to construe the motion as an amended complaint.

Plaintiff's proposed new claims appear to constitute a challenge to his conviction and sentence in the King County Superior Court criminal action which is the basis of his current confinement. Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a prisoner's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

Any claim that plaintiff's constitutional rights were violated during the course of his criminal proceedings would, if resolved in plaintiff's favor, necessarily call into question the lawfulness of his conviction and/or sentence. Nothing in the record suggests that the conviction or sentence which plaintiff apparently seeks to challenge has been overturned and, thus, it

ORDER DENYING PLAINTIFF'S
MOTIONS FOR LEAVE TO AMEND
AND FOR RULE 26(f) MEETING - 3

appears likely that plaintiff's proposed new claims are barred by *Heck*. Plaintiff therefore will not be permitted to amend his complaint to add such claims.

(3) Plaintiff's motion for a Rule 26(f) meeting (Dkt. 50) is DENIED. Plaintiff requests in his motion that defendants' counsel engage in settlement negotiations with him. Defendants, in their response to plaintiff's motion, note that this proceeding is exempt from the requirement that the parties hold a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(a)(1)(B)(iii) and (iv); Fed. R. Civ. P. 26(f)(1). Defendants further note that they have already sent plaintiff a letter responding to his request for settlement negotiations so there is no need for a Rule 26(f) conference. (*See* Dkt. 52, Ex. A.) It is not clear that plaintiff has actually requested any relief from the Court in the instant motion. However, to the extent plaintiff's motion might be construed as a request to compel defendants to participate in a Rule 26(f) conference, his motion must be denied as this proceeding is exempt from the Rule 26(f) requirements.

(4) The Clerk shall send plaintiff a copy of the declaration of counsel which was submitted in support of defendants' response to plaintiff's first motion to amend and contains the proposed second amended complaint drafted by counsel. (Dkt. 48.) The Clerk is further directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 20th day of August, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTIONS FOR LEAVE TO AMEND
AND FOR RULE 26(f) MEETING - 4