UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAPHAEL HENSON,

        Plaintiff,

v.

KING COUNTY JAIL, *et al.*,

        Defendant.

Case No. C17-1885-RSM-JPD

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motions for appointment of counsel. The Court, having reviewed plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motions for appointment of counsel (Dkts. 53, 63) are DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 1

requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in support of his motions for appointment of counsel that he is unable to afford counsel, that his imprisonment will greatly limit his ability to litigate this action, that the issues involved in this case are complex and will require significant research and investigation, that he has limited access to the law library and limited knowledge of the law, and that counsel would be better able to present evidence and cross-examine witnesses at trial.

However, being indigent and imprisoned are not exceptional circumstances sufficient to warrant the appointment of counsel. In addition, the record belies the assertion that this action is too complex for plaintiff to litigate without assistance. Plaintiff presents relatively straightforward claims that while confined at the King County Correctional Facility in 2017, he was denied reasonable access to the legal research workstation and he was denied access to a laptop computer to review discovery in then pending criminal actions. (*See* Dkt. 58.) Plaintiff's claims are limited in time and scope, and he has demonstrated an ability to articulate the legal and factual bases of his claims without the assistance of counsel. And, while litigating an action from within the confines of a correctional facility unquestionably presents challenges, plaintiff should have access to sufficient resources to adequately research his claims and to conduct any necessary discovery.[1]

With respect to plaintiff's assertion that counsel would be better able to present evidence and cross-examine witnesses at trial, the argument is premature. At this juncture, the record is

---

[1] While plaintiff's claims arise out of a period of confinement at the King County Correctional Facility, he is now in the custody of the Washington Department of Corrections and is confined at the Airway Heights Corrections Center in Airway Heights, Washington.

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2

insufficient for the Court to determine whether this matter is likely to proceed to trial and/or whether plaintiff is likely to succeed on the merits of his claims. Based on the information available to the Court at this juncture, this Court must conclude that plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel. Plaintiff's motions for appointment of counsel are therefore denied.

(2) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 4th day of October, 2018.

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 3