UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAPHAEL HENSON,

                Plaintiff,

    v.

KING COUNTY JAIL, *et al.*,

                Defendants.

Case No. C17-1885-RSM-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Raphael Henson is a state prisoner who is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. Plaintiff filed this action while he was confined at the King County Jail in 2017, and he alleges herein that defendants violated his right to access the courts when they denied him access to the legal research workstation and to a laptop computer containing discovery for his criminal case. All parties have filed motions for summary judgment, and those motions are now ripe for review. Also pending before the Court at this time are plaintiff's motions seeking to delay resolution of the summary judgment motions and to compel discovery.[1]

---

[1] Also pending on the Court's motion calendar is a document which plaintiff identified as a "Motion: Memorandum of Law." (*See* Dkt. 80). It appears that this document is actually plaintiff's memorandum in support

REPORT AND RECOMMENDATION - 1

The Court, having considered all pending motions, all briefing of the parties and evidence submitted in relation to the dispositive motions, and the balance of the record, concludes that plaintiff's motions to delay summary judgment and to compel discovery should be denied, that plaintiff's motion for summary judgment should be denied, and that defendants' motion for summary judgment should be granted. This Court further concludes that plaintiff's second amended complaint and this action should be dismissed without prejudice.

## BACKGROUND

The operative complaint in this action is plaintiff's second amended complaint which was filed on August 22, 2018. Plaintiff alleges in his second amended complaint that his federal constitutional right to access the courts was violated when he was denied access to legal materials at the King County Jail, including the legal research workstation and a laptop containing discovery materials, after being authorized to proceed *pro se* in his pending criminal proceedings. (*See* Dkt. 58 at 3.)

More specifically, plaintiff claims that he was denied access to the legal workstation on September 30, 2016.[2] (*Id.*) Plaintiff also claims that he was denied access to a laptop computer to view discovery in his ongoing criminal proceedings on October 6, 7, 8, 10, 20, 21 and 22, 2017, even though King County Superior Court Judge Doyle signed an order on October 4, 2017 directing that plaintiff be allowed access to the laptop every day for at least one hour. (*Id.*) Finally, plaintiff appears to claim that he was improperly removed from the Jail's *pro se* list in November 2017, and was not given supplies to which he was entitled after being returned to the

---

of his motion for summary judgment and, thus, it need not appear on the Court's calendar as an independent motion. Plaintiff's Memorandum of Law is therefore STRICKEN from the Court's motion calendar.

[2] Though plaintiff alleges that this violation occurred on September 30, 2016, the Court presumes that the intended date was September 30, 2017, as plaintiff was not booked into the Jail until March 15, 2017. (*See* Dkt. 77, ¶ 3.)

REPORT AND RECOMMENDATION - 2

list.  (*See* Dkt. 58 at 3.)  Plaintiff alleges that the denial of reasonable access to these resources interfered with his right to prepare a meaningful *pro se* defense.  (*See id*.)

Plaintiff identifies the following defendants in his second amended complaint:  Sergeant Jellen; Pascal Herzer, Deputy Prosecuting Attorney for the King County Department of Adult and Juvenile Detention (DAJD); LaToya Durham, an Administrative Services Specialist with DAJD Inmate Management Services; and, Dee Sylve, an employee of the King County Prosecutor's Office.  (*See id*. at 1-3.)  Pascal Herzer and Dee Sylve were previously dismissed from this action.  (*See* Dkts. 8, 19.)  Sergeant Jellen and LaToya Durham are the only defendants now remaining.[3]

## DISCUSSION

### Plaintiff's Non-Dispositive Motions

After the parties filed their summary judgment motions, plaintiff filed motions seeking to delay resolution of the summary judgment motions and to compel discovery.  (*See* Dkts. 82, 83.)  The basis of both motions is defendants' alleged failure to respond to a series of discovery requests plaintiff claims he submitted in July 2018.  (*See id*.)  Defendants oppose plaintiff's motions arguing, among other things, that they were never served with any discovery requests.  (*See* Dkts. 87, 88.)  Defendants' counsel states, in a declaration submitted in support of defendants' responses to plaintiff's motions, that until plaintiff filed his motion to compel on

---

[3] Plaintiff identified the King County Jail as a defendant in the caption of his first and second amended complaints, though not in Part III of those pleadings.  As the Court explained in its Report and Recommendation dismissing Mr. Herzer and Ms. Sylve, the fact that the King County Jail was not listed as a defendant in Part III of plaintiff's amended pleading was likely due to the fact that plaintiff understood from the Court's Order declining to serve his original complaint that the King County Jail was not a proper defendant in this action.  (*See* Dkt. 8 at 3 n.1.)  The King County Jail has not been served and is not deemed a defendant in this action.

REPORT AND RECOMMENDATION - 3

1  January 23, 2019, neither she nor her clients had seen or received the discovery requests which
2  plaintiff included with his motion. (*See* Dkt. 89, ¶¶ 3, 4, 5.)
3       The Court's docket indicates that plaintiff submitted discovery requests to the Court for
4  filing on July 9, 2018, and again on July 26, 2019. These are the discovery requests which
5  plaintiff appears to complain were never responded to by defendants. On both occasions, the
6  documents were returned to plaintiff with notations advising plaintiff that the documents were
7  not to be filed with the Court.[4] Plaintiff provides no proof that he properly served those requests
8  on defendants after they were returned to him by the Court. And, even assuming plaintiff did
9  properly serve his discovery requests, the proper time to raise the issue of defendants' failure to
10 respond to those requests would have been before the discovery deadline passed on October 15,
11 2018, not three months after the fact. Plaintiff's motions are unsupported and untimely, and
12 should therefore be denied.

13                                               <u>Summary Judgment Motions</u>

14      Defendants argue that they are entitled to summary judgment because plaintiff was
15 provided with legally sufficient access to the legal workstation, to pro se supplies, and to the
16 laptop for viewing discovery, and because plaintiff cannot show that any actual injury resulted
17 from the alleged inadequate access. (Dkt. 74 at 5-8.) Defendants also argue that plaintiff's
18 claims are barred by the doctrine of *Heck v. Humphrey* and by qualified immunity, and that
19 plaintiff's claims should be dismissed for failure to exhaust administrative remedies.[5] (*See id.* at

---

[4] The Court notes that it specifically advised plaintiff in Orders issued on April 25, 2018 and July 13, 2018 that discovery requests *must* be directed to defendants and not to the Court. (*See* Dkt. 25, at 2; Dkt. 45 at 3.) Plaintiff clearly disregarded these advisements.

[5] Defendants also argue that plaintiff's claims against the King County Jail should be dismissed. However, as noted above, the King County Jail is not deemed a defendant in this action and, thus, defendants' arguments pertaining to the King County Jail need not be addressed.

REPORT AND RECOMMENDATION - 4

8-14.)  Plaintiff, in his motion for summary judgment, merely reiterates his claims against defendants.  (*See* Dkts. 80, 81.)  In his memorandum of law filed in support of his motion for summary judgment, plaintiff appears to argue that he suffered actual injury as a result of the alleged denial of his right of access to the court because he was unable to prepare for trial and was ultimately convicted.  (*See* Dkt. 80 at 18.)

       1.      *Summary judgment Standard*

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are facts which might affect the outcome of the pending action under governing law.  *See Anderson*, 477 U.S. at 248.  Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id*.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case.  *See* Fed. R. Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.

       2.      *Exhaustion*

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a) requires *complete*

REPORT AND RECOMMENDATION - 5

exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 93-95. If administrative remedies have not been exhausted at the time an action is brought, the action must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).

Failure to exhaust administrative remedies is an affirmative defense which a defendant must plead and prove. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). A defendant must produce evidence demonstrating that there was an available administrative remedy and that the prisoner did not exhaust that remedy. *Id*. at 1172. The burden then shifts to the prisoner who must show that there is something in his case that made the existing remedies effectively unavailable to him. *Id*. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment. *Id*. at 1166.

The DAJD has a grievance procedure through which inmates may seek review of various aspects of their imprisonment, including: facility conditions; problematic conduct or actions by staff members; and, operational procedures and practices. (*See* Dkt. 79, ¶ 6 and Ex. D, at 35.) The DAJD process involves first attempting to resolve complaints with the staff member who is immediately involved in the issue. (*See id*., ¶ 7 and Ex. D, at 35.) If this informal attempt at resolution is unsuccessful, an inmate who wishes to pursue a grievance must complete a grievance form and submit it within 14 days of the incident being grieved. (*See id*. and Ex. D, at 36) Written grievances are reviewed by a supervisor who provides a written response to the

REPORT AND RECOMMENDATION - 6

inmate within ten days. (*See* Dkt. 79, ¶ 7 and Ex. D, at 36.) The inmate may appeal the supervisor's grievance response to an administrator within 20 days. (*See id*.) The written response to a grievance appeal concludes the DAJD grievance process. (*See id*.)

The evidence submitted by defendants in support of their summary judgment motion shows that plaintiff filed four grievances concerning access to the laptop computer that were responded to by either defendant Jellen or defendant Durham. The first of those grievances was filed on or about October 2, 2017, after the superior court authorized plaintiff to view discovery via laptop at the King County Jail, but before the trial judge ordered that plaintiff be provided access to the laptop on a daily basis. (*See* Dkt. 77, Ex. B; Dkt. 78, Ex. E at 7-8.) Defendant Durham responded to the grievance, noting that the Inmate Management and Services Unit had not received a kite from plaintiff requesting use of the laptop, and advising plaintiff that he had been scheduled to receive such access in response to his grievance. (Dkt. 78, Ex. E at 7-8.) Plaintiff did not appeal Ms. Durham's response, and therefore did not complete the grievance process.

On October 15, 2017, plaintiff filed a grievance complaining that on October 11, 2017, after reminding the deck officer that he needed access to his laptop, he was not offered access until after 9:00 p.m. when he was already in bed. (*See* Dkt. 79, Ex. A.) Defendant Jellen responded to the grievance, noting that plaintiff had been offered access, but had declined. (*Id*.) Plaintiff appealed that response, but the appeal was denied. Though plaintiff apparently completed the grievance process in this instance, plaintiff's second amended complaint contains no allegation concerning denial of laptop access on October 11, 2017. (*See* Dkt. 58 at 3.)

On October 21, 2017, plaintiff filed a grievance complaining that the corrections officer on duty that day had not provided him access to the laptop. (Dkt. 78, Ex. E at 3-4.) Defendant

REPORT AND RECOMMENDATION - 7

Durham responded to the grievance, noting that plaintiff had been offered make-up time on the laptop but had refused. (Dkt. 78, Ex. E at 3-4.) Plaintiff did not appeal defendant Durham's response. Finally, on October 27, 2017, plaintiff filed a grievance complaining that he did not receive access to the laptop on October 22, 2017. (Dkt. 79, Ex. C.) Defendant Jellen responded to the grievance, acknowledging that plaintiff had apparently not been offered time on the laptop and offering plaintiff an opportunity to make up the time he'd missed. (*Id.*) Plaintiff did not appeal defendant Jellen's response. (*Id.*)

In addition to the grievances concerning access to the laptop, plaintiff also filed at least three grievances concerning access to the legal workstation. On October 19, 2017, plaintiff filed a grievance seeking additional access to the legal workstation. (Dkt. 78, Ex. E at 1-2.) Defendant Durham responded to the grievance, advising plaintiff that *pro se* inmates were allowed two, two-hour sessions on the legal workstation each week, and that the Inmate Management and Services Unit could not authorize additional access. (*Id.*, Ex. E at 2.) Plaintiff did not appeal defendant Durham's response. (*See id.*) On October 26, 2017, plaintiff filed another grievance complaining that the amount of time he was being provided on the legal workstation was not sufficient. (*Id.*, Ex. E at 5-6.) Defendant Durham responded to that grievance as well, once again advising plaintiff that her office could not authorize additional workstation time. (*Id.*, Ex. E at 6.) Plaintiff once again elected not to appeal defendant Durham's response. (*See id.*)

Finally, on November 3, 2017, plaintiff filed a grievance complaining that he was not being provided access to the legal workstation. (*Id.*, Ex. E at 9-10.) Defendant Durham responded to the grievance, explaining that her office had received notice on November 5, 2017 that plaintiff was to be removed from the *pro se* list. (*Id.*, Ex. E at 10.) Defendant Durham

REPORT AND RECOMMENDATION - 8

advised plaintiff to send a kite to her office if he believed he had been erroneously removed from the list. (Dkt. 78, Ex. E at 10.) Plaintiff did not appeal that response. (*See id*.)

The evidence presented by defendants demonstrates that plaintiff did not exhaust his administrative remedies with respect to any of the specific claims asserted by plaintiff in his second amended complaint because he did not appeal any of the relevant grievance responses to a Jail administrator. Plaintiff offers no evidence to rebut that provided by defendants. Plaintiff actually acknowledges in his second amended complaint that he did not complete the grievance process, and explains that "They won't send me back the grievances so I can have the information." (*See* Dkt. 58 at 2.) This explanation is not particularly informative. However, to the extent plaintiff intends to assert that defendants did not provide him with the grievance responses and therefore precluded him from filing an appeal, the record refutes the assertion. The grievance forms submitted by defendants in support of their summary judgment motion all indicate that copies of the grievance responses were provided to plaintiff.

Plaintiff offers no evidence that he was unable to appeal the grievance responses nor, in fact, does he even appear to address the exhaustion issue in his own summary judgment papers. Based on the evidence in the record, this Court can only conclude that plaintiff failed to properly exhaust his available administrative remedies relating to the claims asserted in this action. Accordingly, plaintiff's second amended complaint and this action should be dismissed under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

3. <u>Heck v. Humphrey</u>

Even assuming plaintiff did properly exhaust his administrative remedies, or could demonstrate, as he appears to suggest, that the remedies were effectively unavailable to him, his second amended complaint would still be subject to dismissal. Defendants argue that plaintiff's

REPORT AND RECOMMENDATION - 9

claims that he was denied access to the courts are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Dkt. 74 at 8-9.) In *Heck*, the Supreme Court held that where a plaintiff brings a § 1983 action alleging constitutional violations which, if successful, would necessarily imply the invalidity of the plaintiff's underlying criminal conviction or sentence, the plaintiff must first establish that the conviction or sentence has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *Heck*, 512 U.S. at 483-84.

Plaintiff claims in this action that he was denied access to legal research materials and to discovery materials necessary to prepare a meaningful defense to the criminal charges against which he was defending himself without the assistance of counsel. If plaintiff were to prevail on these claims in this civil rights action, it would necessarily call into question the validity of his criminal conviction. As plaintiff's direct appeal of his conviction apparently remains pending at this time, it is clear that his conviction has not been invalidated and that his constitutional claims are therefore not cognizable at this juncture. Thus, even assuming plaintiff's claims have been exhausted, they are properly dismissed under *Heck*.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's motions to delay resolution of the summary judgment motions and to compel discovery be denied, that plaintiff's motion for summary judgment also be denied, and that defendants' motion for summary judgment be granted. The Court further recommends that plaintiff's second amended complaint and this action be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than March 19, 2019. Failure to file objections

REPORT AND RECOMMENDATION - 10

within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 22, 2019.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 25th day of February, 2019.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11